UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 13-80669-CIV-RYSKAMP/HOPKINS

JUAN CARLOS OBREGON,
an individual,

    *Plaintiff*,

v.

WINDMILLS CAPITAL, INC., A FLORIDA
CORPORATION, ALEJANDRO RIQUEZES,
an individual,

    *Defendants*.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION AND TO STRIKE DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

Defendants Alejandro Riquezes and Windmills Capital, Inc., by and through undersigned counsel, hereby respond to Plaintiff's Motion for Clarification and to Strike Defendant's Second Motion for Summary Judgment and in support thereof state as follows:

**I. BACKGROUND**

On July 3, 2014, Plaintiff filed his Second Amended Complaint against Defendants for Violation of the Antifraud Securities Law, Breach of Contract, Conversion, Fraudulent Inducement, Unjust Enrichment, Fraudulent Misrepresentation, and Negligent Misrepresentation alleging Alejandro Riquezes personally, and on behalf of Windmills Capital, Inc., entered into a transaction with Plaintiff to exchange Bolivars for US Dollars. [DE 44]. Prior to this amendment, neither party conducted discovery.

1

On July 17, 2014, the Defendants filed an Unopposed Motion for Extension of Time to Respond to the Complaint, which the Court granted, giving the Defendants until August 20, 2014 to file their Response. [DE 47, 48]. Pursuant to the Court Scheduling Order, the discovery cut off was July 11, 2014. [DE 18]. On July 31, 2014, Plaintiff filed a Motion to Extend Discovery Deadlines. [DE 53]. Because there was no ruling on this Motion, on August 11, 2014, in compliance with this Court's Scheduling Order and Rule 56(b), prior counsel for Defendants filed a Motion for Summary Judgment, without the benefit of discovery. [DE 54]. On August 12, 2014, the undersigned substituted as counsel, and filed a Response to Plaintiff's Motion to Extend Discovery Deadlines, specifically noting that Defendants would be prejudiced should this Court grant Plaintiff's Motion because Defendants' had already filed their Motion for Summary Judgment without the benefit of discovery. [DE 56]. The Court granted Plaintiff's Motion to Extend the Discovery Deadlines giving the Parties until September 12, 2014 to complete discovery. [DE 57]. In the Order, this Court specifically stated "[s]ubsequent to discovery, either party may file a motion for summary judgment." [DE 57 ¶ 3]. The Order went onto say "Defendants may refile or supplement their existing motion for summary judgment. Such a supplement shall not exceed five (5) pages." [DE 57 ¶ 3].

## II. ARGUMENT AND MEMORANDUM OF LAW

Plaintiff now seeks to strike Defendants' Revised Motion for Summary Judgment on the basis that it "seeks relief and raises arguments not raised in the First Summary Judgment Motion." [DE 66, p. 3]. Plaintiff further contends that this Court's Order precludes Defendants from using the discovery as an additional basis to support summary judgment. [DE 66, p. 3].

Defendants disagree with this interpretation. Contrary to Plaintiff's belief, Defendants did not read the Court's language to be mutually exclusive. Defendants believed they may 1. file a motion for summary judgment, 2. re-file their existing Motion for Summary Judgment as is, or 3. re-file their existing Motion for Summary Judgment with an additional supplement, not to exceed five pages. This is so because Plaintiff's reading of the provisions as mutually exclusive would lead to severe prejudice to the Defendants, lend an unfair advantage to the Plaintiff, and circumvent the reasons for re-opening discovery.

Plaintiff relies upon three cases that he believes support his reading of this Court's Order and Local Rule 7.1(c)(2). The first case in which he relies upon is *William Island Synagogue, Inc. v. City of Aventura*, 04-20257-CIV-UNGARO, 2004 WL 2504633 (S.D. Fla. Nov. 2, 2004). However, this case is easily distinguishable from the instant action. In *William Island*, the plaintiff filed an early motion for partial summary judgment. *Id*. The Court then entered an order requiring the defendant to respond. *Id*. The Court noted that plaintiff's motion for partial summary judgment prematurely forced the Court to consider whether defendant's decision-making process conformed with these statutes before discovery was completed. *Id*. The Court further provided the plaintiff the opportunity to withdraw their motion for summary judgment, and advised plaintiff that failure to withdraw the motion would bar plaintiff from filing subsequent motions for partial summary judgment because Rule 7.1(c)(2) of the Local Rules of the United States District Court for the Southern District of Florida prohibits "[t]he practice of filing multiple motions for partial summary judgment which are collectively intended to dispose of the case." *Id*. The plaintiff refused to withdraw its motion for partial

summary judgment and the Court subsequently denied the motion. *Id*. Later, after the close of discovery, the plaintiff sought leave to file a second motion for summary judgment, which the Court denied citing the reasons listed above. *Id*.

In *Duvall v. Sun-Sentinel Co.*, 12-62497-CIV, 2013 WL 3310073 (S.D. Fla. July 1, 2013) the Court simply advised defendant Sun Sentinal that it could seek early summary judgment on this issue, bearing in mind that this District's Local Rules do not permit the filing of summary judgment motions in seriatim. *Id*. (citing S.D. Fla. L.R. 7.1(c)(2) noting that "[f]iling multiple motions for partial summary judgment is prohibited, absent prior permission of the Court.").

In *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1338 (S.D. Fla. 2007), sometime before November 2006, the city moved for early partial summary judgment. *Id*. The plaintiffs had not filed a motion for summary judgment at that point. *Id*. Shortly after receiving the case, the Court held a status conference where deadlines for the case were discussed. *Id*. On November 17, 2006, the Court entered an Order setting December 1, 2006 as the deadline for the plaintiffs to file a motion for summary judgment; it did not reference the city's ability to file a motion for summary judgment. *Id*. The plaintiffs acted accordingly and timely filed their motion for summary judgment. *Id*. Then nearly three weeks after plaintiffs' motion, the city filed a second motion for summary judgment. *Id*. There, the Court struck the city's second motion for summary judgment. *Id*.

Plaintiff's arguments to support striking Defendants' Revised Motion for Summary Judgment miss the mark as the facts of these cases are easily distinguishable from the case at bar. First, Defendants did not file an early Motion for Summary

Judgment.  Plaintiff agrees that this Court noted "Plaintiff must be given adequate time for discovery to respond to an early motion for summary judgment."  [DE 66, p. 4 citing DE 57, p.2].  However, the Court further noted in its Order that early summary judgment motions are "those filed at the time the lawsuit is commenced or otherwise before, or during, discovery."  [DE 57 p. 1].

Here, Defendants did not file their Motion for Summary Judgment at the commencement of the lawsuit or before the close of discovery.  In fact, Defendants filed their Motion for Summary Judgment after the close of discovery and on the last possible day allowed pursuant to the Scheduling Order and Rule 56(b).  [DE 18].  Defendants did this in an abundance of caution because had Defendants failed to do so and this Court denied Plaintiff's Motion to Extend the Discovery Deadlines, Defendants would have forfeited their ability to file a timely motion for summary judgment in the case.  A fact this Court was aware of as it noted that "[u]nder Rule 56(b), a defendant may file a summary judgment motion at any time 'until 30 days after the close of discovery.'"  [DE 57, p. 1].  Thus, Defendants filing their Motion for Summary Judgment on August 11, 2014—30 days after the July 11, 2014 discovery deadline set by this Court's Scheduling Order and Rule 56(b) is not an early motion for partial summary judgment as contemplated in the above referenced cases, Local Rule 7.1(c)(2), or this Court's Order on the Motion to Extend Discovery Deadlines.  *See William Island*, 2004 WL 2504633; *Duvall*, 2013 WL 3310073; *Jeffrey O.*, 511 F. Supp. 2d at 1338; *see also* Local Rule 7.1(c)(2); [DE 57, p. 1].

It is inherently prejudicial and unfair that Defendants would be penalized for attempting to ensure compliance with this Court's Scheduling Order and Rule 56(b) by

filing a Motion for Summary Judgment without the benefit of discovery, while Plaintiff who blatantly refused to comply with this Court's Scheduling Order, and failed to conduct any discovery prior to the discovery deadline, is rewarded with the ability to freely file a Motion for Summary Judgment with the benefit of discovery. This is the exact prejudice Defendants warned of in their Response to Plaintiff's Motion to Extend Discovery Deadlines.

Second, the Defendants are not filing multiple motions for partial summary judgment to collectively dispose with the case. Defendants simply revised their Motion for Summary Judgment to conform to the discovery that this Court specifically re-opened. Plaintiff had notice that Defendants could revise their Motion for Summary Judgment to include additional arguments related to the discovery as this Court's Order specifically stated "[s]ubsequent to discovery, either party may file a motion for summary judgment…Defendants may refile or supplement their existing motion for summary judgment. Such a supplement shall not exceed five (5) pages." [DE 57 ¶ 3].

Moreover, the rationale behind Local Rule 7.1(c)(2) as interpreted in the above mentioned cases is to protect the party opposing summary judgment and to conserve judicial resources by preventing a party from filing several motions for partial summary judgment. *See William Island*, 2004 WL 2504633. However, to impose the limits of Local Rule 7.1(c)(2) on Defendants in this case is not supported by the rationale behind the rule as there was no judicial resources expended since the Court neither held hearing nor ruled on Defendants August 11, 2014 Motion for Summary Judgment, nor did Plaintiff file a response thereto. *Compare William Island*, 2004 WL 2504633 ("Plaintiff was placed on notice upon the filing of its first motion for partial summary judgment that

its filing may have been precipitous. Plaintiff's decision to maintain that ultimately unsuccessful motion obliged Defendant and the Court to devote time and energy in responding to and adjudicating Plaintiff's motion."). Moreover, as discussed above, Defendants are not filing two separate motions for partial summary judgment. Defendants, consistent with this Court's Order filed a Revised Motion for Summary Judgment including arguments that conformed with the discovery, which occurred after the extension of discovery.

Furthermore, "district courts have 'unquestionable' authority to control their dockets." *Canada v. Mathews,* 449 F.2d 253, 255 (5th Cir. 1971) (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626 (1962)). "This authority includes 'broad discretion in deciding how best to manage the cases before them … and should be exercised 'so as to achieve the orderly and expeditious disposition of cases.'" *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (internal citations omitted).

Thus, should this Court find Plaintiff's reading of its Order persuasive, the Court should still consider Defendants' Revised Motion for Summary Judgment because the Court has an interest in controlling its docket and expeditiously disposing with cases that do not require litigation; and during his deposition, Plaintiff admitted crucial material facts that will likely lead to an expeditious disposition of the case on summary judgment as Plaintiff cannot sustain any of his causes of action against Defendants. *See Barber v. Am.'s Wholesale Lender*, 289 F.R.D. at 366.

WHEREFORE, Defendants Alejandro Riquezes and Windmills Capital, Inc., respectfully request this Honorable Court deny Plaintiff's Motion for Clarification and to Strike Defendants' Second Motion for Summary Judgment and any further relief this Court deems just and proper.

Respectfully Submitted,

**DORTA & ORTEGA, P.A.**

_____/s/_____
Omar Ortega, Esq.
Florida Bar No. 0095117
Rey Dorta, Esq.
Florida Bar No. 0084920
Dorta & Ortega, P.A.
3860 SW 8TH ST, PH
Coral Gables, FL 33134

*Counsel for Defendants.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2014, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　/s/ Omar Ortega
　　　　　　　　　　　　　　　　　OMAR ORTEGA

Gerardo Vazquez
Vazquez & Carballo
601 Brickell Key Dr. Suite 702
Miami, FL 33131
gv@gvazquez.com